IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUR RUNNELS**,

Petitioner,

v.                                                                                              No. 16-cv-0448-DRH

**UNITED STATES OF AMERICA,**

Defendant.

## ORDER

**HERNDON, District Judge:**

Now before the Court is Arthur Runnels' April 22, 2016 28 U.S.C. § 2255 petition seeking relief under *Johnson v. United States,* 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (Doc. 1). This is not Runnels' first § 2255 petition. On January 23, 2012, Runnels filed a 28 U.S.C. § 2255 petition with this Court. *See Runnels v. United States*, 12-cv-00073-DRH (Doc. 1). On August 9, 2012, the undersigned dismissed with prejudice that petition and judgment was entered. *Id.* at Docs. 3 & 4. No appeal was filed following the Court's ruling.

Because Runnels previously filed a § 2255 petition, his current motion, originally filed in his criminal case, is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter

jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

Because there is nothing in the record to establish that Runnels has sought and obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion under § 2255, this Court is without jurisdiction to entertain the motion seeking relief under *Johnson*. Accordingly, this Court cannot provide Runnels with the authorization to proceed with this 2255 petition. Only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition. See 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255). Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Runnels' petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Runnels' 28 U.S.C. § 2255 petition (Doc. 1) and **DECLINES** to issue a certificate of appealability. If the Seventh Circuit Court of Appeals issues Runnels authorization to file a successive 28 U.S.C. § 2255 petition, he may then file the petition with this Court.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.04.25
14:21:06 -05'00'

**United States District Court**